NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID COHEN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DYNAMIC RECOVERY SOLUTIONS, FIRST FINANCIAL INVESTMENT FUND V, LLC, and John Does 1-25,<br><br>Defendants. | Civ. No. 16-576<br><br>**OPINION** |

THOMPSON, U.S.D.J.

      This matter comes before the Court upon Defendant Dynamic Recovery Solutions' ("Defendant") motion for judgment on the pleadings. (ECF No. 15). Plaintiff David Cohen ("Plaintiff") opposes. (ECF No. 18). The Court has issued the opinion below based upon the written submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated herein, Defendant's motion will be granted in part and denied in part.

## BACKGROUND

      Plaintiff's allegations are as follows: at some time prior to December 2, 2015, Plaintiff allegedly incurred a debt to Monmouth Medical Center. (Am. Compl. ¶ 14, ECF No. 13). After the debt was allegedly incurred, Monmouth Medical Center assigned or sold the debt to First Financial Investment Fund V, LLC ("FFIF"). (*Id.* ¶ 18). FFIF then hired Defendant to collect on the alleged debt. (*Id.* ¶ 19). On December 2, 2015, Plaintiff received a collection letter from Defendant attempting to collect on the alleged debt. (*Id.* ¶ 19).

1

The letter states that Plaintiff currently owes $340.00, and that

We have been asked to contact you by our client, Cascade Capital LLC, regarding your past due account with them. Their records indicate that your payment has not been received or processed as of the date of this correspondence. Therefore, the account has been placed with our office for collection. We want you to know that you do have options to resolve this account!

1. You may resolve your account for $102.00. Your payment is due on January 10, 2016. We are not obligated to renew this offer. Upon receipt and clearance of your payment, this account will be considered satisfied and closed, and a satisfaction letter will be issued.; or,

2. You may resolve your account for $119.00 in 2 payments of $59.50. Your first payment is due on January 10, 2016. We are not obligated to renew this offer. The payments can be no more than 30 days apart. Upon receipt and clearance of these two payments, this account will be considered satisfied and closed, and a satisfaction letter will be issued.; or,

3. You may resolve your account for $136.00 in 4 payments of $34.00. Your first payment is due on January 10, 2016. We are not obligated to renew this offer. The payments can be no more than 30 days apart. Upon receipt and clearance of these four payments, this account will be considered satisfied and closed, and a satisfaction letter will be issued.; or,

4. If you are unable to accept the above offer(s), please contact our office for a partial payment plan that you can afford. We take pride in working with all customers, regardless of your current financial position.

(Letter from Dynamic Recovery Solutions to David Cohen, ECF No. 1-2).  After providing contact information and some required disclosures not relevant to this opinion, the letter concludes by saying that "[t]he law limits how long you can be sued on a debt. Because of the age of your debt, our client will not sue you for it."  (*Id.*).

Based on this letter, Plaintiff filed a complaint against Defendant and Cascade Capital, LLC on February 2, 2016.  (ECF No. 1).  Plaintiff alleges that Defendant's letter violates several provisions of the Fair Debt Collection Practices Act (FDCPA), which prohibits abusive debt collections practices by debt collectors.  (*Id.*).  Defendant filed an answer, after which Plaintiff filed an amended complaint, substituting First Financial

Investment Fund V, LLC for Cascade Capital, LLC. Defendant then filed another answer and a motion for judgment on the pleadings. This motion is presently before the Court.

## DISCUSSION

A. Legal Standard

Federal Rule of Civil Procedure 12(c) states that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." A court will grant judgment on the pleadings only if the movant clearly establishes that there are no material issues of fact and he is entitled to judgment as a matter of law. *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005). The court will accept the complaint's well-pleaded allegations as true, and construe the complaint in the light most favorable to the nonmoving party, but will not accept unsupported conclusory statements. *DiCarlo v. St. Mary Hosp.*, 530 F.3d 255, 262 (3d Cir. 2008) (citing *Allah v. Brown,* 351 F. Supp. 2d 278, 280 (D.N.J. 2004)).

B. Analysis

The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The FDCPA creates a private right of action against debt collectors who violate its provisions. *Brown v. Card Service Center,* 464 F.3d 450, 453 (3d Cir. 2006) (citing 15 U.S.C. § 1692k).

In determining whether a communication from a debt collector violates the FDCPA, a court must analyze the debt collector's statements from the perspective of the "least sophisticated debtor," *id.* at 454; *Campuzano-Burgos v. Midland Credit Mgmy.,* 550 F.3d 294, 301 (3d Cir. 2008), in order to protect "all consumers, the gullible as well as the shrewd." *Rosenau v.*

*Unifund Corp.,* 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Brown,* 464 F.3d at 454). Although the "least sophisticated debtor" standard is a low standard, it nonetheless "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Id.* (quoting *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354-55 (3d Cir. 2000)).

Plaintiff brings claims under five subsections of the FDCPA, including Sections 1692e, 1692e(2)(A), 1692e(10), 1692f, and 1692g(a)(2). Section 1692e and its subsections prohibit the use of false, deceptive, and misleading representations or means in connection with the collection of any debt. Section 1692f is a catch-all provision that prohibits unfair behavior by debt collectors that is not specifically enumerated elsewhere in the FDCPA. Section 1692g requires that the debt collector provide the alleged debtor with certain written notices, including the name of the creditor to whom the debt is owed.

Plaintiff asserts that Defendant violated these provisions in three ways. First, Plaintiff asserts that Defendant made false, deceptive, and misleading representations concerning the legal status of the alleged debt because Defendant failed to communicate that the alleged debt was time-barred. Second, Plaintiff argues that because the alleged debt was time-barred, Defendant's December 2, 2015 letter used false, deceptive, or misleading means to attempt to collect the alleged debt because it failed to disclose that acceptance of a partial payment plan would reset the statute of limitations on the alleged debt. Third, Plaintiff alleges that Defendant violated the FDCPA because it failed to identify the name of the creditor to whom the alleged debt was owed. The Court will address Defendant's arguments for judgment on the pleadings for each type of conduct in turn, and then will address Plaintiff's claim under the FDCPA's catch-all provision, § 1692f.

*1. Plaintiff's Claim Regarding the Legal Status of the Debt*

Plaintiff asserts that Defendant made false, deceptive, and misleading representations concerning the legal status of the alleged debt in violation of § 1692e(2)(A) because the alleged debt was time-barred. Under New Jersey law, a debt becomes time-barred after a six-year statute of limitations period. N.J. Stat. Ann. § 2A:14-1. Defendant agrees for purposes of the motion that the six-year statute of limitations period has lapsed, but argues that it is still entitled to collect on the debt, and that its collection efforts did not misrepresent the legal status of the debt in violation of the FDCPA. As Defendant points out, the Third Circuit has expressly permitted debt collectors to seek voluntary repayment of time-barred debt, so long as the debt collector does not threaten legal action in connection with the collection efforts. *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32 (3d Cir. 2011).

Defendant argues that its letter did not threaten legal action, and did not misrepresent the legal status of the debt, given the letter's caveat that "[t]he law limits how long you can be sued on a debt. Because of the age of your debt, our client will not sue you for it." (Letter from Dynamic Recovery Solutions to David Cohen, ECF No. 1-2). The Court agrees. In a similar case, the Court evaluated whether a debt collector had misrepresented the legal status of a debt when its collection letter expressly stated that "[b]ecause of the age of your debt, we will not sue you for it." *Filgueiras v. Portfolio Recovery Associates, LLC*, No. 15-8144, 2016 WL 1626958, at *11 (D.N.J. Apr. 25, 2016). The Court found that "in light of this explicit disclaimer acknowledging that the debt is time-barred, even the least-sophisticated debtor would not believe that the Debt was legally enforceable." *Id.* In another case, the Court ruled that when a debt collector stated in a letter that "[b]ecause of the age of your debt, [the debt collector] will *not* sue you for it," "[e]ven the 'least sophisticated investor' could not read these statements as an

unlawful initiation or threat of litigation." *Genova v. Total Card, Inc.*, No. 12-0060, 2016 WL 3360662, at *5 (D.N.J. June 8, 2016).

In this case, given Defendant's explicit disclaimer of any threat of litigation, and the acknowledgment that the law limits how long one can be sued on a debt, even the least sophisticated debtor could not have read Defendant's letter as misrepresenting the legal status of the debt. Therefore, Defendant has established that there are no material issues of fact and that it is entitled to judgment as a matter of law on this claim.

  2. *Plaintiff's Claim Regarding the Effect of Partial Payment*

Plaintiff also asserts that because the alleged debt was time-barred, Defendant's December 2, 2015 letter used false, deceptive, or misleading means to attempt to collect the alleged debt, as Defendant failed to disclose that acceptance of a partial payment plan would reset the alleged debt's statute of limitations. Plaintiff asserts that this violates §§ 1692e, 1692e(10), and 1692f. Defendant counters that it is entitled to judgment on the pleadings on the grounds that under New Jersey law, omission of this information was not misleading because debt collectors are not required to advise a consumer of any potential defenses to a legal action. Moreover, the disclosure that Plaintiff seeks is not an accurate representation of New Jersey law, which requires more than mere payment to reset the statute of limitations. Because the Court agrees that Plaintiff's proposed disclosure is not an accurate representation of New Jersey law, the Court will not reach the issue of whether omission of this information would be misleading because it constitutes a potential defense to the legal action.

While it may be the case that "under the laws of most states, a partial payment on a time-barred debt revives the entire balance of the debt for a new statute of limitations period," Federal Trade Commission, *The Structure and Practices of the Debt Buying Industry* 47 (2013), this is

not the case under New Jersey law. It is true that under New Jersey law, the six-year statute of limitations on actions to enforce a contractual debt "may be tolled by an acknowledgement or a promise to pay." *Burlington Cty. Country Club v. Midlantic Nat. Bank S.*, 538 A.2d 441, 445 (N.J. Super. Ct. Ch. Div. 1987); *see also Peck v. Donovan*, 565 Fed. Appx. 66, 71 n.3 (3d Cir. 2012). However, "an acknowledgement or promise to pay a debt will only restart the statute of limitations if it is unconditional and in a signed writing." *Rubinsky v. Zayat*, 2015 WL 3517629, at *4 (D.N.J. June 4, 2015) (citing N.J. Stat. Ann. 2A:14–24); *see also Renault v. L. N. Renault & Sons*, 188 F.2d 317, 320-21 (3d Cir. 1951).

When a partial payment is made after the statutory period has run, "the party seeking to revive the statute must show (1) that the payment was partial, and (2) an act or declaration which establishes the debtor's recognition of, and intention to pay, the entire claim. Mere payment is not enough." *Burlington Cty. Country Club*, 538 A.2d at 446 (internal citations omitted); *see also Renault*, 188 F.2d at 320 ("[A] mere payment of money by a debtor to his creditor does not, in itself, constitute proof that the money was intended as partial payment on a particular obligation barred by the statute of limitations"); *P.F.I., Inc. v. Kulis*, 832 A.2d 931, 933 (N.J. Super. Ct. App. Div. 2003) (statute of limitations is tolled only when "defendant's conduct demonstrated an acknowledgement of the entire debt").

Given these precedents, the Court has determined that "a partial settlement of an alleged, time-barred debt does not automatically revive the statute of limitations because it is not a recognition of, and promise to pay, the full debt." *Genova*, 2016 WL 3360662, at *7 (citing *DVL, Inc. v. Mutnick*, 103 F. Supp. 2d 293, 295-96 (S.D.N.Y. 2000), *aff'd* 5 Fed. Appx. 46 (2d Cir. 2001); *Bassett v. Christensen*, 21 A.2d 776 (N.J. Ct. Errors and Appeals 1941); *Howell v. Wallace*, 10 A.2d 486 (N.J. Cir. Ct. 39)).

In this case, Plaintiff was not in danger of resetting the statute of limitations on the alleged debt because Defendant sought mere partial settlement payments, not an acknowledgement of the entire debt.  Under any of the three proffered settlement options, Defendant pledged to send Plaintiff a satisfaction letter acknowledging that the account was closed, relieving Plaintiff from any further obligation without requiring him to make any act or declaration establishing his intent to pay the entire sum.  (*See* Letter from Dynamic Recovery Solutions to David Cohen, ECF No. 1-2).  Although Plaintiff attempted to distinguish the debt collection letter from other cases involving partial payment on the basis that Defendant provided a payment plan, (*see* Pl.'s Br. 13-14, ECF No. 18), the Court does not find this distinction compelling.  On the facts of this case, because mere payment is not enough to reset the statute of limitations under New Jersey law, Defendant was not required to inform Plaintiff that the statute of limitations would reset upon making the first partial payment.  Defendant has shown that it did not use false, deceptive, or misleading means to collect the debt by omitting this information.  Therefore, Defendant is entitled to judgment as a matter of law on this claim.

    *3.  Plaintiff's Claim Regarding the Owner of the Debt*

Plaintiff also alleges that Defendant violated the FDCPA because it failed to identify the name of the creditor to whom the alleged debt was owed.  Defendant acknowledges that in the December 2, 2015 debt collection letter, it incorrectly named the owner of the debt, saying that the owner was one debt buyer who purchases accounts rather than another debt buyer who purchases accounts.  However, Defendant argues that because the owner of the account was not the original creditor, Plaintiff would not have recognized either the incorrect name that was actually listed or the correct name.  Therefore, the name of the current owner could not have been material to Plaintiff.  Because the Third Circuit has required false statements to be material

in order to be actionable under § 1692e of the FDCPA, Defendant claims that it is entitled to judgment on Plaintiff's claims regarding the owner of the debt.

Plaintiff argues that Defendant violated two sections of the FDCPA in failing to correctly identify the owner of the debt. Plaintiff claims that Defendant violated § 1692e, by making a false representation of the owner of the debt, and § 1692g(a)(2), which explicitly requires debt collectors to send the consumer written notice containing the name of the creditor to whom the debt is owed within five days of the initial communication with the consumer. In *Jensen v. Pressler & Pressler*, the Third Circuit confirmed that a false statement must be material in order to be actionable under § 1692e of the FDCPA. 791 F.3d 413, 421 (3d Cir. 2015); *Simon v. FIA Card Servs. NA*, No. 15-2318, 2016 WL 627881, at *3 (3d Cir. Feb. 17, 2016). A false statement is material if "it is capable of influencing the decision of the least sophisticated debtor." *Jensen*, 791 F.3d at 421. While the Third Circuit has held that "this is not a particularly high bar," *id.* at 421, "the materiality requirement, correctly applied, effectuates the purpose of the FDCPA by precluding only claims based on hypertechnical misstatements under § 1692e that would not affect the actions of even the least sophisticated debtor." *Id.* at 422.

The Court agrees that under the facts presented by Plaintiff in this case, the name of the owner of the debt would not have influenced even the least sophisticated debtor. As Defendant points out, given that the owner of the debt was not the original creditor, Plaintiff would not have recognized the name of the new debt owner, even if the correct name had been given. Plaintiff does not plead any facts indicating that he had any familiarity with either company or any facts showing that the name of the owner of the debt impacted him in any way. Therefore, on these facts, the name of the debt owner was not material, and Defendant is entitled to judgment on

Plaintiff's claim under § 1692e as to Defendant's inclusion of the incorrect name of the debt owner.

However, the Court will not enter judgment on Plaintiff's related claim under § 1692g(a)(2). Section 1692g(a)(2) explicitly requires debt collectors to provide the name of the owner of the debt within five days of the initial communication with the debtor. *Jensen* only discusses the materiality requirement with respect to claims involving § 1692e, and does not address claims under other sections of the FDCPA. Moreover, Defendant does not cite any cases importing a materiality requirement into § 1692g. Given that the materiality requirement does not appear to apply to claims under § 1692g, Defendant has not proven that it is entitled to judgment as a matter of law on Plaintiff's claim under § 1692g.

  4. *Plaintiff's Claim under § 1692f*

Finally, Defendant argues that it is entitled to judgment on the pleadings on Plaintiff's claim under the FDCPA's catch-all provision, § 1692f, because Plaintiff "merely alleges facts that are almost word-for-word identical to the ones he used to support his claims under Section 1692e." (Def.'s Br. 16, ECF No. 16).[1] This Court has stated that § 1692f is a catch-all provision for conduct that is unfair, but is not specifically enumerated in any other section of the FDCPA. *Corson v. Accounts Receivable Mgmt., Inc.*, No. 13-1903, 2013 WL 4047577, at *7 (D.N.J. Aug.

---

[1] Defendant makes one additional argument that it raises for the first time in its reply brief, that Plaintiff failed to plead that he had suffered any concrete and particularized injury. (Def.'s Reply Br. 11-14, ECF No. 19). The Court notes that "[a] moving party may not raise new issues and present new factual materials in a reply brief that it should have raised in its initial brief." *See Int'l Raw Materials, Ltd. v. Stauffer Chem. Co.,* 978 F.2d 1318, 1327 n.11 (3d Cir. 1992) (refusing to consider an issue raised for the first time in a reply brief); *see also Hoxworth v. Blinder, Robinson & Co., Inc.,* 903 F.2d 186, 204-05 n.29 (3d Cir. 1990); *D'Alessandro v. Bugler Tobacco Co.*, No. 05-5051, 2007 WL 130798, at *2 (D.N.J. Jan. 12, 2007). The Court declines to consider Plaintiff's new argument at this point in the briefing of the current motion, as Plaintiff has not had the opportunity to oppose this argument.

9, 2013); *Astarita v. Solomon & Solomon, PC*, No. 12-5670, 2013 WL 1694807, at *1 (D.N.J. Apr. 18, 2013).  Given this, § 1692f "cannot be the basis for a separate claim" for conduct that is already explicitly addressed by other sections of the FDCPA.  *Turner v. Prof'l Recovery Servs., Inc.*, 956 F. Supp. 2d 573, 580 (D.N.J. 2013).  Courts routinely dismiss § 1692f claims when a plaintiff does not identify any misconduct beyond that which he asserts violates other provisions of the FDCPA.  *Feuerstack v. Weiner*, No. 12-4253, 2014 WL 3619675, at *7 (D.N.J. July 22, 2014); *Rush v. Portfolio Recovery Associates LLC*, 977 F. Supp. 2d 414, 432 (D.N.J. 2013); *Corson*, 2013 WL 4047577, at *7.

  Here, Plaintiff's § 1692f claim is premised on the same conduct complained of in one of Plaintiff's claims under § 1692e: the failure to disclose that partial payment would reset the statute of limitations of the alleged debt.  Plaintiff does not point to any instance where Defendant engaged in one of the practices identified in § 1692f(1)-(8), or allege any conduct other than conduct related to his other claims.  Additionally, in his opposition, Plaintiff does not meaningfully respond to Defendant's argument that there is no basis for the § 1692f claim.  For these reasons, the Court considers the § 1692f claim to be duplicative of Plaintiff's claims under § 1692e, and therefore, the Court will grant Defendant's motion for judgment on the pleadings on the § 1692f claim.

CONCLUSION

For the reasons stated above, Defendant's motion for judgment on the pleadings will be granted in part and denied in part. The motion will be granted, and judgment will be entered, on Plaintiff's claims under 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f. The motion will be denied with respect to Plaintiff's claim under 15 U.S.C. § 1692g(a)(2). A corresponding order follows.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

**Dated:** July 15, 2016